This order is a
precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

wbc

Mailed: July 10, 2017

Cancellation No. 92061508

*Estudi Moline Dissey, S.L.*

*v.*

*BioUrn Incorporated*

**Wendy Boldt Cohen, Interlocutory Attorney:**

Estudi Moline Dissey, S.L. ("Petitioner") moves to compel responses to its

discovery served February 20, 2017 on BioUrn Incorporated ("Respondent").[1] 19

TTABVUE.[2] The motion is fully briefed.

As an initial matter, because the deadline for pretrial disclosures for the first

testimony period was May 5, 2017 and the motion to compel was filed April 14, 2017,

---

[1] Petitioner seeks to compel responses to its interrogatories, document requests and requests for admission. 19 TTABVUE. To the extent that Petitioner was dissatisfied with Respondent's objection to its requests for admission, Petitioner should have filed a motion to test the sufficiency of the response not a motion to compel. *See* TBMP §§ 523.01 ("The motion to compel procedure is not applicable to requests for admission."); 524.01 (June 2017). Accordingly, as it applies to Petitioner's requests for admission, the Board construes the motion to compel as a motion to test the sufficiency of Respondent's response to Petitioner's requests for admission. *See* Trademark Rule 2.120(i)(1); 37 CFR § 2.120 (i)(1).

[2] Citations in this opinion are to the TTABVUE docket entry number and the electronic page number where the document or testimony appears. Because the Board primarily uses TTABVUE in reviewing evidence, the Board prefers that citations to non-confidential parts of the record include the TTABVUE docket entry number and the TTABVUE page number. *Cf.* TBMP § 801.01 (parties should cite to the record by referring to the TTABVUE entry and page number).

the motion to compel is timely. Trademark Rule 2.120(f)(1), 37 CFR § 2.120(f)(1); 17 TTABVUE; 18 TTABVUE.[3] Further, the Board finds that Petitioner made the required good faith effort to resolve the parties' discovery dispute prior to filing its motion to compel. *See* Trademark Rule 2.120(f)(1); *Hot Tamale Mama…and More, LLC v. SF Invs., Inc.*, 110 USPQ2d 1080 (TTAB 2014). The Board now turns to the merits of the motion to compel.

Central to the parties' dispute is whether Petitioner's discovery requests were timely served under the Board's revised rules, effective January 14, 2017. Petitioner's discovery requests were served on February 20, 2017. Respondent objected to those requests on the basis that they were untimely under the Board's revised rules because responses would not be due until after the close of the discovery period on March 21, 2017. 19 TTABVUE 41-48. Respondent opposes Petitioner's motion to compel responses to those requests, arguing that pursuant to Board rules, Respondent was under no obligation to respond substantively to untimely requests for discovery; that Petitioner's discovery requests were served "over a month" after the Board adopted the revised rules; and that Petitioner "knew or should have known" of the pending deadline to serve discovery requests. 21 TTABVUE 3-4.

Petitioner argues that its discovery requests were timely because the last day to serve discovery fell on February 19, 2017, a Sunday; that Trademark Rule 2.196, 37

---

[3] Under the Board's revised rules, effective January 14, 2017, the due date for a motion to compel was shifted from prior to the opening of trial to prior to the deadline for the plaintiff's pretrial disclosures. *See* "Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice," 81 Fed. Reg. 69950, 69951 (Oct. 7, 2016).

CFR § 2.196, allows a party until the next business day if the last day to take an action falls on a Sunday; that because the last day to serve discovery fell on a Sunday, it had until the following Monday, February 20, 2017, to serve discovery and still be timely; and that even if its discovery is untimely, it is only "one day late."[4] 19 TTABVUE 3 n.1, 5; 22 TTABVUE 3-4.

Prior to January 14, 2017, pursuant to Trademark Rule 2.120, 37 CFR § 2.120, written discovery requests could be served anytime during the discovery period, including on the last day of the discovery period. The Board's adoption of revised rules amended Trademark Rule 2.120 to provide that "[i]nterrogatories, requests for production of documents and things, and requests for admission must be served early enough in the discovery period, as originally set or as may have been reset by the Board, so that responses will be due no later than the close of discovery." Trademark Rule 2.120(a)(3), 37 CFR § 2.120(a)(3); TBMP § 403.02. Additionally, "[r]esponses to interrogatories, requests for production of documents and things, and requests for admission must be served within thirty days from the date of service of such discovery requests." Trademark Rule 2.120(a)(3).

Trademark Rule 2.196 does not apply to the timeliness of Petitioner's service of discovery requests in this case, as it would have applied to requests served prior to the amendment of the Trademark Rules governing Board proceedings in January

---

[4] To carry this argument to its logical conclusion, Petitioner could have argued that it was not required to serve discovery until Tuesday, February 21, 2017, since Monday, February 20, 2017 was a Federal holiday within in the District of Columbia, and Rule 2.196, when applicable, allows the relevant action to be taken on the next *business* day when the relevant deadline falls on a weekend day or a Federal holiday. As discussed *infra*, the entire argument is inapposite.

2017. That rule provides that when the last day as fixed by statute or regulation falls on a Saturday, Sunday or Federal holiday within the District of Columbia, the action *may be taken* on the next succeeding day that is not a Saturday, Sunday or Federal holiday. Previously, that rule was applied in the discovery context to allow for the service of discovery requests on the next business day following the close of discovery that otherwise fell on a weekend day or holiday. *See Nat'l Football League v. DNH Mgmt. LLC,* 85 USPQ2d 1852, 1854n.6 (TTAB 2008) (where discovery period closed on Saturday, service of written discovery requests the following Monday was timely).

Under the current rules, the discovery closing date is no longer the sole criterion as Trademark Rule 2.120(a)(3) now contains two relevant elements bearing on when a party must serve discovery. First, Trademark Rule 2.120(a)(3) provides that a responding party must serve its responses within thirty days of the service of discovery requests; and this provision mirrors response periods set forth in the Federal Rules of Civil Procedure for written discovery. Second, Trademark Rule 2.120(a)(3) provides that discovery must be served "early enough … so that responses will be due no later than the close of discovery."[5] The two provisions must be read in conjunction and must allow the responding party the full response period. Thus, discovery requests must be served with at least thirty-one days remaining in the

---

[5] Note that the Board's revised rules reference the last day for responding to discovery — *no later than* the close of discovery — differently than the last day to file certain motions, *i.e.*, a motion to compel discovery, Trademark Rule 2.120(f)(1), a motion to test the sufficiency of responses or objections to requests for admission, Trademark Rule 2.120(i)(1), 37 CFR § 2.120(i)(1), or a motion for summary judgment, Trademark Rule 2.127(e)(1), 37 CFR § 2.127(e)(1) — all of which must be filed *prior to* the deadline for pretrial disclosures for the first testimony period as set or as reset.

4

discovery period, including the date of service, regardless of whether the day of service falls on a weekend or holiday. The date of service of the requests is not counted as part of the response period, so the first day of the 30-day response period is the day after service. Thus, service with no less than thirty-one days remaining in the discovery period, counting the service date, allows the responding party the full thirty days necessary to respond, and to do so no later than the close of discovery. To reiterate, a party serving discovery must consider the thirty-day response time for discovery under Trademark Rule 2.120(a)(3), and ensure that the last day for responding to discovery falls on or before the close of discovery.[6] *Cf.* Fed. R. Civ. P. 6(a)(5) Advisory Committee's Notes on Rules – 2009 Amendment (explaining method of determining time for backward-looking time periods, such as calculating time to serve discovery requests so as to permit sufficient response time by close of discovery).

In this case, Petitioner needed to serve its discovery requests no later than Sunday, February 19, 2017[7] for Respondent to have the full thirty days to respond by March 21, 2017, the closing date of the discovery period. *See* 15 TTABVUE; 16 TTABVUE. Because Petitioner did not serve discovery requests until Monday,

---

[6] The Board encourages early service of discovery instead of reliance upon motions to extend the discovery period. Nonetheless, a party wishing to serve discovery requests at a point in the discovery period when the last day for responding to the requests would fall after the close of discovery, may seek an extension of the discovery period, when appropriate and if it can establish good cause for the extension. *See* Trademark Rule 2.120(a)(2)(iv), 37 CFR § 2.120(a)(2)(iv); Fed. R. Civ. P. 6(b)(1)(A).

[7] The deadline for the serving party is not pushed back to an *earlier* date when the opening day of the response period falls on a weekend or holiday. *See* TBMP § 112. In other words, a responding party has no right to demand that the first day of its response period begin on a business day, affording it more than the full thirty-day response period. Trademark Rule 2.196 does not apply to the beginning of any period.

February 20, 2017, the deadline for responses to that discovery would have been March 22, 2017, outside the discovery period, in contravention of Trademark Rule 2.120(a)(3). To respond before the close of discovery, Respondent would have had less than the allotted thirty-day response time. Respondent's objection to Petitioner's discovery requests on the basis that it was untimely served is well-taken and therefore, sustained. *See* Trademark Rule 2.120(a)(3); TBMP § 403.03 ("[A] responding party may object to such discovery requests on the ground that responses would be due after the close of discovery.").

Nonetheless, as explained in the Notice of Proposed Rulemaking, "any issues that may arise concerning the transition to the revised rules for cases pending as of the effective date of the rules would be addressed by the Board and the parties on a case-by-case basis, allowing for flexibility to respond to the unique needs in each case, *particularly with respect to scheduling matters.*" "Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice," 81 Fed. Reg. 19296, 19296 (April 4, 2016) (emphasis added). Further, the parties have a duty to cooperate during the discovery process. *See, e.g., Hot Tamale Mama … and More, LLC,* 110 USPQ2d at 1081 n.1; *Panda Travel Inc. v Resort Option Enters., Inc.,* 94 USPQ2d 1789, 1791 (TTAB 2009); TBMP § 408.01.

In this case, Petitioner's delay in serving its discovery appears to have arisen from a misunderstanding as to whether Trademark Rule 2.196 applies to the service of written discovery requests, under the revised rules, similarly to the way it applied under prior rules. Because this case was pending as of the effective date of the revised

rules[8] and was initially filed under the prior rules, *and* the current motion arises during the transition to the Board's revised rules, *and* the parties' dispute involves a scheduling matter, the Board deems it appropriate to exercise its discretion to reopen the discovery period for the limited purpose of allowing Respondent time to respond to Petitioner's discovery requests served February 20, 2017.

Under the particular circumstances of this case, the Board reopens discovery so that Petitioner's previously-served written discovery requests may be considered timely. In view thereof, Respondent is entitled to a full thirty-day response period. Respondent is allowed until August 11, 2017 to respond to Petitioner's discovery requests. Except as noted herein, discovery otherwise remains closed and nothing in this order should be construed as reopening the discovery period for any other purpose. Furthermore, the parties are advised that while the Board has exercised its flexibility in the resolution of this dispute arising during the transition to the Board's revised rules and other circumstances, the parties should not rely on the Board's continued exercise of such flexibility. Continued failure to adhere to the Board's rules and deadlines will be looked upon with disfavor. Indeed, "[t]he Board . . . publish[ed] the] final rule well in advance of the effective date. This allows time for the parties to take appropriate actions in cases pending on the publication date and prepare their docketing for the new rules. In view of the delayed effective date, the Board does not anticipate many scheduling or other difficulties as a result of the new rules."

---

[8] This proceeding was instituted May 18, 2015.

Cancellation No. 92061508

"Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice," 81 Fed. Reg. at 69954.

Proceedings are resumed and dates are reset as follows:

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | July 31, 2017 |
| Plaintiff's 30-day Trial Period Ends | September 14, 2017 |
| Defendant's Pretrial Disclosures Due | September 29, 2017 |
| Defendant's 30-day Trial Period Ends | November 13, 2017 |
| Plaintiff's Rebuttal Disclosures Due | November 28, 2017 |
| Plaintiff's 15-day Rebuttal Period Ends | December 28, 2017 |
| BRIEFS SHALL BE DUE AS FOLLOWS: | |
| Plaintiff's Main Brief Due | February 26, 2018 |
| Defendant's Main Brief Due | March 28, 2018 |
| Plaintiff's Reply Brief Due | April 12, 2018 |

Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 CFR §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 CFR § 2.129(a).

8